ROBINSON v. ADOLPH RAUDNITZ CO.

(Supreme Court, Appellate Term.  May 24, 1910.)

MASTER AND SERVANT (§ 20*)—CONTRACT OF EMPLOYMENT—DISCHARGE.
    Where plaintiff rendered services for defendant in expectation that a
contract would be entered into, but, a dispute having arisen as to what
the terms of the contract should be, plaintiff was notified that his serv-
ices would be no longer required after a specified date, such notice was
not a breach of the contract of employment.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 19;
Dec. Dig. § 20.*]

Appeal from City Court of New York, Trial Term.
Action by Murray Robinson against the Adolph Raudnitz Company.
Judgment for plaintiff, and defendant appeals.  Reversed, and new
trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Walter J. Rosenstein, for appellant.
Nathaniel Cohen, for respondent.

SEABURY, J.  Plaintiff sues to recover damages for the alleged
breach of a contract of employment.  An examination of the record
establishes that the plaintiff failed to prove that a contract for any
particular period of time existed between the plaintiff and defendant.
That such a contract was in contemplation is evident, as is also the
fact that the parties did not come to any agreement.  While this was
the situation, the plaintiff did work for the defendant, as he had done
for several years prior to that time.

While this work was done in the expectation that a contract would
be entered into, the fact remains that there was a dispute between the
parties as to what the terms of the contract should be.  Under these
circumstances, the notification of the plaintiff by the defendant that
it would not require his services after a specified date cannot be con-
strued into a breach of contract.

Judgment reversed, and a new trial ordered, with costs to the appel-
lant to abide the event.  All concur.